IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 4:03-CR-00031 |
| v. | : | |
| SETH MICHAEL JOHN YOCUM | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Before the court is Defendant Seth Michael Yocum's motion for compassionate release. (Doc. 70). For the reasons set forth below, the motion will be denied.

### I.  BACKGROUND

On January 13, 2004, this Court sentenced Mr. Yocum to 60 months' imprisonment in connection with his guilty plea for possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). (Doc. 42). While on supervised release in this case, Mr. Yocum was later convicted of Bank Robbery and Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a), at docket number 1:09-CR-00042. On August 12, 2009, Mr. Yocum was sentenced to 151 months' imprisonment on each bank robbery count to be served concurrently (the "Bank Robbery Sentence"); this Court also sentenced Mr. Yocum to a term of imprisonment of 15 months in connection with violating the terms of his supervised release in the above-captioned case (the "Supervised Release Sentence"). (Doc. 53). The Supervised Release Sentence was to run consecutively to Mr. Yocum's 151-

month term of imprisonment imposed in the Bank Robbery Sentence, resulting in an aggregate sentence of 166 months' imprisonment. (Id.)

On May 12, 2016, while incarcerated, Mr. Yocum was convicted of Making False Statements in a separate case docketed at 1:15-CR-00271-RBJ-01 in the United States District Court for the District of Colorado. (Doc. 71-5). The District Court Judge in that case sentenced Mr. Yocum to a total term of 6 months' imprisonment to be served consecutively to the Bank Robbery Sentence (the "False Statements Sentence"). (Id. at 2).

Mr. Yocum is presently incarcerated at the medium security Petersburg Federal Correctional Institution ("FCI Petersburg Medium") in Hopewell, Virginia. He is currently serving his consecutive 15-month sentence in this case and is scheduled to be released on November 18, 2021.[1] (Doc. 71-4, at 1). Records from the Bureau of Prisons also establish that Mr. Yocum is eligible for home detention as of May 18, 2021. (Id.)

On February 19, 2021, Mr. Yocum filed a motion for compassionate release, along with a supporting brief, requesting a reduction in sentence to one day.[2] (Docs.

---

[1] The Court notes that, upon conducting a search of Mr. Yocum's name on the Bureau of Prisons online inmate locator available at https://www.bop.gov/mobile/find_inmate/, Mr. Yocum's release date is listed as December 15, 2021.

[2] Mr. Yocum previously moved for compassionate release in the case docketed at 1:09-CR-00042, which the Court initially granted. The Court subsequently vacated the order granting the motion in that case, however, upon discovering that Mr. Yocum had already completed the entirety of the Bank Robbery Sentence and had the False Statements Sentence imposed while incarcerated.

2

70, 71). The government responded in opposition on March 18, 2021 (Doc. 77) and Mr. Yocum replied on March 31, 2021. (Doc. 81). The matter is thus ripe for review.

## II. <u>STANDARD OF REVIEW</u>

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request that the Bureau of Prisons file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Although Congress did not define "extraordinary and compelling circumstances," the United States Sentencing Commission has defined the term within the U.S. Sentencing Guidelines (U.S.S.G.). U.S. Guidelines Manual § 1B1.13 (U.S. SENT'G COMM'N 2018). Pursuant to the U.S.S.G., extraordinary and compelling reasons may include "the death or incapacitation of the caregiver of the defendant's minor child."

Id. cmt. n.1(C). The policy statement also contains a catchall provision setting forth that extraordinary and compelling circumstances may exist for a "reason other than, or in combination with" the aforementioned reasons. Id., cmt. n.1(D). Further, under the Sentencing Commission's relevant policy statement, the court must find that the defendant is not a danger to the safety of any person or the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.2.

### III. DISCUSSION

Mr. Yocum's motion seeks compassionate release based on his family circumstances and the need to provide care for his minor son during the COVID-19 pandemic. Mr. Yocum states that his mother and father have cared for his child during his period of incarceration since August 2009. (Doc. 71, at 2). During this time, however, Mr. Yocum's father has suffered from serious medical issues, including a severe case of COVID-19[3], and now requires a caregiver of his own. (Id.) Additionally, Mr. Yocum's mother is an essential employee at a nursing facility that has been impacted by the ongoing pandemic. (Id.) According to her sworn declaration, Ms. Yocum is unable to provide adequate care for her husband or suitable supervision for her grandson due to their deteriorating financial situation and her increased responsibilities while maintaining work as an essential employee. (Doc. 73).

---

[3] Mr. Yocum's mother also contracted COVID-19 but has recovered. (Doc. 73).

4

The Government argues that Mr. Yocum offers no medical records to support the claim that his father is incapacitated and unable to provide care for his son. (Doc. 77, at 9). Additionally, the Government claims that there is no documentation to establish that Mr. Yocum's father is the only family member capable of being the child's caregiver. (Id. at 10). The Government also asserts that there is no verification of Ms. Yocum's employment, or any medical explanation as to why she is incapable of caring for the child. (Id.)

As mentioned *supra*, a reduction in sentence request may be premised on the death or incapacitation of a family member that acts as the caregiver for an inmate's minor child "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, although Mr. Yocum's father may qualify as an incapacitated family member-caregiver, the Government correctly points out that the explanation Mr. Yocum's mother provides as to why she cannot care for the child is that she works as an essential employee.[4] Courts within this circuit and others have determined that a family member-caregiver's position as an essential worker, while making it more difficult to provide care for a child on one's own, "is not the same as a caregiver being incapacitated, and thus is not a basis for compassionate release under the statute." See United States

---

[4] Although the Court previously granted compassionate release based on similar arguments in the case docketed at 1:09-CR-00042, the Government did not appear to initially contest whether extraordinary circumstances existed to support a sentence reduction.

5

v. Farlow, No. CR 18-044 (SRC), 2021 WL 1207485, at *3 (D.N.J. Mar. 30, 2021); United States v. Jones, No. 16-CR-135-2-JPS-JPS, 2021 WL 212233, at *2 (E.D. Wis. Jan. 21, 2021) (finding that extraordinary and compelling reasons for release did not exist based on family circumstances when the mother of the defendant's child, who was unable to fully provide care for their son while employed as an essential worker, was alive and well). Therefore, although the Court is sympathetic to the hardships associated with Mr. Yocum's family circumstances, they do not constitute extraordinary and compelling circumstances justifying compassionate release.

The Section 3553 factors also do not support reducing Mr. Yocum's sentence. Under 18 U.S.C. § 3553(a), the court considers multiple factors, including, among other things, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed ... to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed ... to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

The nature of Mr. Yocum's offense conduct was serious and involved violating his term of supervised release by committing a bank robbery. Further, although Mr. Yocum has shown commendable dedication in completing drug

education and other wellness courses over the course of his sentence, he also has committed several disciplinary infractions. (Doc. 71-3, Ex. C-1; Docket No. 1:09-CR-00042, Doc. 50, Ex. A). During his period of incarceration, Mr. Yocum was additionally convicted of making False Statements in 2016.[5] (Doc. 71-5, Ex. E). While cognizant of the fact that Mr. Yocum has already completed a significant portion of his sentence, the Court is of the opinion that his continued incarceration remains necessary to provide adequate deterrence, reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Therefore, a reduction in sentence under the compassionate release statute is not appropriate in this case.

## **CONCLUSION**

For the reasons outlined above, Defendant Seth Yocum's motion for compassionate release (Doc. 70) will be denied. An appropriate order shall follow.

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: May 26, 2021

---

[5] Significantly, when the Court initially granted Mr. Yocum's motion for compassionate release in the case docketed at 1:09-CR-00042, it had not been informed of the False Statements Sentence imposed in the District of Colorado.